UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD SINGLETON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:12-CV-01367 (CEJ) |
| DANNIE GILDER, INC., and MONTY F. VANMETER, | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss or, in the alternative, to transfer venue to the Southeastern Division of the Eastern District of Missouri. Plaintiff opposes the motion and the issues have been fully briefed.

I.  Background

Plaintiff Leonard Singleton brings this action to recover damages for injuries he allegedly sustained as a result of an motor vehicle collision in New Madrid County, Missouri. Plaintiff alleges that his vehicle was struck by a Freightliner tractor-trailer being driven by defendant Monty F. VanMeter. At the time of the incident, Vanmeter was an employee of Dannie Glider, Inc., which owned and maintained the Freightliner involved in the collision.

Plaintiff filed suit in the Eastern Division of this district. Plaintiff resides in Country Club Hills, Illinois, defendant VanMeter resides in Weleetka, Oklahoma, and defendant Dannie Gilder Inc., has its principal place of business in Jackson, Missouri which is located in the Southeastern Division of this district.

II.  Discussion

A. *Motion to Dismiss for Improper Venue*

A defendant can seek dismissal of a complaint when venue is improper. Fed. R. Civ. P. 12(b)(3). Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). In determining whether venue is proper, courts do not ask which among two or more potential forums is the best venue, but whether the district chosen by the plaintiff has a substantial connection to the claim. Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 563 (8th Cir. 2003).

The motor vehicle collision, which is the event giving rise to plaintiff's cause of action, occurred in the Eastern District of Missouri. Accordingly, the requirements of 28 U.S.C. § 1391 have been satisfied and venue is proper in this district.

**B.** *Motion to Transfer Venue*

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404. "The determination whether to grant or deny a request to transfer under § 1404(a) is within the sound discretion of the trial court." Hubbard v. White, 755 F.2d 692, 694 (8th Cir. 1985).

A motion to transfer "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). The interests which the Court should consider include: (1) the convenience of the parties; (2) the convenience of nonparty witnesses; (3) the availability of judicial process to compel testimony from hostile witnesses; (4) the governing law; (5) the relative ease of access to sources of proof; (6) the possibility of delay and prejudice if transfer is granted; and (7) practical considerations of cost and efficiency. General Committee of Adjustment, 895 F. Supp. at 252. "The 'primary, if not most important' of these interests is the convenience of

the witnesses." Anheuser-Busch, Inc., 176 F. Supp. 2d at 959.  The party seeking transfer bears the burden of showing that the balance of factors "strongly" favors transfer."  Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999).

The Eastern District of Missouri is comprised of three divisions: the Eastern Division, the Northern Division, and the Southeastern Division.  28 U.S.C. § 105.  Defendant moves this Court to transfer this case from the Eastern Division to the Southeastern Division.  Because the defendant moves to transfer within the Eastern District of Missouri, the "governing law" factor plays no role in weighing the transfer of venue.  The same substantive law will be applied regardless of the division to which the case is assigned.

Defendants argue that this case should be transferred because documents pertaining to the tractor-trailer, the post-accident investigation, and plaintiff's medical treatment are located in the Southeastern Division.  "With the advent of photocopying and other means of document reproduction, the location of documents is no longer entitled to much weight in the transfer of venue analysis."  Blume v. Int'l Servs., 2012 U.S. Dist. LEXIS 75255 (E.D. Mo. 2012); Marcus v. Am. Contract Bridge League, 562 F. Supp. 2d 360, 366 (D. Conn. 2008) ("[T]he location of the relevant documents is a non-issue in today's world because copy machines, electronic discovery, and emails make it much easier to obtain documents at a distance.").  Even assuming that the documentary evidence is located primarily within the Southeastern Division, this factor is accorded little weight.

Defendants also argue that transfer of venue is appropriate because the accident occurred in the Southeastern Division.  However, "the place of occurrence alone has little to do with actual convenience of the parties conducting litigation as the result of

an event when there is no especial evidentiary significance to the location of the catastrophe and proof of liability." Terra Int'l, Inc. v. Miss. Chem. Corp., 922 F. Supp. 1334, 1361 (N.D. Iowa 1996) (aff'd Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688 (8th Cir. 1997).  Defendants have not shown that the location of the accident has any special evidentiary significance.

Concerning the convenience of the parties, defendants argue that litigating in the Southeastern Division would inconvenience "the police, emergency personnel, and medical providers who treated Plaintiff immediately after the accident . . . to travel to St. Louis from New Madrid Country for trial as their jobs require their presence in the New Madrid County area."  Plaintiff argues that the St. Louis airport and other transportation options make litigation in the Eastern Division more convenient and cost-efficient for the plaintiff, his medical treatment providers, and defendant Vanmeter.

"The Court will not transfer venue based on the convenience factors if the result would be merely to shift the inconvenience from one party to another." Battenfeld Techs., Inc. v. Birchwood Labs., Inc., 2011 U.S. Dist. LEXIS 103612, at *6 (W.D. Mo. 2011).  It can be assumed that plaintiff, the individual who filed this suit, found the Eastern Division to be the most convenient venue.  Transferring venue to the Southeastern Division would merely shift the inconvenience from defendant Dannie Gilder Inc. to plaintiff, since Dannie Gilder, Inc. is located in the Southeastern Division.

Further, the Court takes judicial notice of the fact that Cape Girardeau is approximately 60 miles from St. Louis on Interstate 57 when traveling from the Chicago, Illinois area, while St. Louis is located about 100 miles north of Cape Girardeau.  As such, it can be said that the potential witnesses located within Cape Girardeau would have to travel roughly 40 to 50 more miles to the Eastern Division in

St. Louis than those witnesses located in Chicago, Illinois.  The Court finds that a 40 to 50 mile difference, without more, does not warrant a transfer of venue based on the convenience for non-party witnesses.  See e.g. Razorback Concrete Co. v. Dement Const., LLC, 2008 WL 2328319, at *3 (E.D. Ark. 2008) (70 mile difference not enough of a justification to transfer venue).

On the information before the Court, it cannot be said that a review of the relevant factors tips the balance in favor of the Southeastern Division.

**IT IS HEREBY ORDERED** that defendants' motion to dismiss or, in the alternative, to transfer venue [Doc. #8] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2012.